## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KEZIAH KORNEGAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23CV1032 |
| | ) | |
| CAPITAL ONE and | ) | |
| ANDREW M. YOUNG, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION, RECOMMENDATION, AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket Entry 1) (the "Application"), filed in conjunction with her pro se Complaint (Docket Entries 2, 2-1). For the reasons that follow, the undersigned will grant the Application for the limited purpose of recommending dismissal of this action.

## RELEVANT STANDARDS

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because h[er] poverty makes it impossible for h[er] to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its

problems. . . .  In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).  To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A plaintiff "fails to state a claim on which relief may be granted," id., when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. (internal quotation marks omitted).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id.  In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

## BACKGROUND

Asserting claims under 15 U.S.C. § 1601, 18 U.S.C. § 872, 18 U.S.C. § 894, 12 U.S.C. § 1431, and Federal Reserve Acts 16.2 and 29 (codified at 12 U.S.C. § 412 and 12 U.S.C. § 504, respectively) (see Docket Entry 2-1 at 1),[2] Plaintiff initiated this action against Capital One and Andrew M. Young (collectively, the "Defendants") (see Docket Entry 2 at 2). According to Plaintiff's Complaint:

> [Plaintiff] accepted the bill, sent it with a durable Power of Attorney, and tender as to what to do with the principal's balance and account, as [she] learned to do. . . . [T]he card was cut off November 28, 2023, and there is still a balance. The letter was addressed to Andrew M. Young, CFO, it asks for the interest in the principal's account to be applied to the principal's

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Off. of the Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).

[2] Docket Entry page citations utilize the CM/ECF footer's pagination.

3

> balance and instead the account was shut down. The
> fiduciary duty . . . was neglected/bre[a]ched. There was
> no notice of termination of this account sent out in a
> reasonable time before it was terminated.

(Docket Entry 2-1 at 1.) The Complaint requests Defendants "to reinstate [Plaintiff's] account, accept the acceptance for the balances of the account from this point forward[,] and grant the credit line increase as requested." (Id.) Additionally, Plaintiff seeks "$25,000 per day (for breach of fiduciary duties) for currently not being able to access available credits." (Id.)

## DISCUSSION

To begin, Plaintiff asserts her claim under 18 U.S.C. §§ 872 and 894 (see Docket Entry 2-1 at 1), neither of which create a civil cause of action. See 18 U.S.C. § 872 (regarding criminal penalties for "[e]xtortion by officers or employees of the United States"); 18 U.S.C. § 894 (establishing guidelines for prosecution of crimes of "[c]ollections of extensions of credit by extortionate means"). Accordingly, these claims fail as a matter of law.

Plaintiff's claims under Title 12 suffer from a similar flaw. (See Docket Entry 2-1 at 1 (citing 12 U.S.C. §§ 412, 504, 1431).) The referenced statutes under Title 12 do not apply to Plaintiff's claims and do not create a private right of action. See 12 U.S.C. § 412 (discussing requirements for banks making "application[s] for notes" "to the local Federal Reserve agent"); 12 U.S.C. § 504 (establishing "civil money penalt[ies]" imposed on banks for

4

violating banking law); 12 U.S.C. § 1431 (establishing "[p]owers and duties of banks"). Therefore, these claims fail as a matter of law.

Lastly, the Complaint alleges violation of 15 U.S.C. § 1601, more commonly known as the Truth in Lending Act ("TILA"). (See Docket Entry 2-1 at 1.) The Complaint contends Plaintiff resolved her credit card bill by sending a letter with "tender as to what to do with the principal's balance and account." (Id.) Defendants responded to Plaintiff's letter by shutting down Plaintiff's account and Plaintiff's "card was cut off." (Id.) No factual matter provided indicates that Defendants violated Plaintiff's rights under TILA. See 15 U.S.C. § 1601 (noting purpose of TILA as "protect[ing] the consumer against inaccurate and unfair credit billing and credit card practices"). This claim thus fails as a matter of law.

## CONCLUSION

This action fails to state a viable claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Application (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

5

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim.

_____/s/ L. Patrick Auld_____
**L. Patrick Auld**
**United States Magistrate Judge**

April 4, 2024

Case 1:23-cv-01032-UA-LPA   Document 5   Filed 04/04/24   Page 6 of 6